# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### GREENVILLE DIVISION

**TALIB HANNAH**                                                                 **PLAINTIFF**

**V.**                                                                 **NO. 4:26-CV-62-DMB-JMV**

**WASHINGTON COUNTY,**
**MISSISSIPPI, et al.**                                                         **DEFENDANTS**

## ORDER

On April 27, 2026, Talib Hannah filed a "Complaint for Violation of Civil Rights" in the United States District Court for the Northern District of Mississippi against Washington County, Mississippi; Washington County Board of Supervisors; Catherine Whethersby, in her individual and official capacities; Bernadine Holmes, in her individual and official capacities; and John Does 1-5, asserting 42 U.S.C. § 1983 claims based on allegations that after his property was sold at a tax sale, the defendants denied him the opportunity to redeem the property before the redemption deadline expired.[1] Doc. #1 at PageID 2–3. The same day, "pursuant to Rule 65 of the Federal Rules of Civil Procedure," Hannah filed an "Emergency Motion for Temporary Restraining Order and Preliminary Injunction" ("TRO/PI Motion").[2] Doc. #4 at 1.

In violation of the Court's Local Rules, the TRO/PI Motion exceeds four pages and contains legal argument; and to the extent the motion relates to an urgent or necessitous matter,

---

[1] The complaint contains three counts: (1) "Count I – Deprivation of Property Without Due Process;" (2) "Count II – Municipal Liability;" and (3) "Count III – Denial of Procedural Due Process." Doc. #1 at PageID 4.

[2] Hannah requests a temporary restraining order (1) "[p]reserving the current status quo regarding possession of the subject property;" (2) "[e]njoining Defendants, and those acting with them, from taking further eviction, dispossession, transfer, title-enforcement, or adverse ownership actions concerning the subject property pending further order of this Court;" (3) "[r]equiring Defendants to preserve all documents … related to [him] and the subject property;" (4) "[s]etting this matter for expedited hearing;" (5) "[g]ranting such other relief as justice requires;" and (6) granting "relief consistent with the previously entered state-court stay to avoid conflicting dispossession while title issues remain." Doc. #4 at 4–5. Regarding the "state-court stay," "Exhibit G" to the TRO/PI Motion indicates that the Chancery Court of Washington County issued a temporary restraining order without notice on April 3 but that it dissolved April 13, 2026. Doc. #4-4.

Hannah did not contact the Court to arrange a definite time and place for the motion to be heard.[3]

Further, the TRO/PI Motion does not specify whether it seeks a temporary restraining order with or without notice to the defendants. If without notice, the TRO/PI Motion fails to comply with Federal Rule of Civil Procedure 65(b)(1). If with notice, no proof of notice to the defendants appears on the docket—indeed, the docket does not reflect that Hannah has even served his complaint on the defendants. For these reasons, the TRO/PI Motion [4] is **DENIED without prejudice**.

         **SO ORDERED**, this 30th day of April, 2026.

                                        **/s/Debra M. Brown**
                                        **UNITED STATES DISTRICT JUDGE**

---

[3] L.U. CIV. R. 7(b)(2), (8). Given the nature of the relief sought by the TRO/PI Motion, the Court presumes it involves an urgent or necessitous matter though, in further violation of the Local Rules, the TRO/PI Motion is not styled as such. *Id.* at 7(b)(8).