**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**TALIB HANNAH** **PLAINTIFF**

**VS.** **CIVIL ACTION NO.: 4:26-cv-62-DMB-JMV**

**WASHINGTON COUNTY, MISSISSIPPI, ET AL.** **DEFENDANTS**

**ORDER DENYING MOTION FOR ENTRY OF DEFAULT AND GRANTING LEAVE TO FILE A RESPONSIVE PLEADING**

This matter is before the Court upon Plaintiff Talib Hannah's Motion for Entry of Default [Doc. 16], and Defendants Washington County, Mississippi; Washington County Board of Supervisors; Catherine Whethersby; and Bernadine Holmes' Motion for Leave to File out of Time Answer and Defenses [Doc. 22].

Plaintiff filed his Complaint [Doc. 1] in this matter on April 27, 2026. On June 29, 2026, the summonses were returned as executed upon Bernadine Holmes; Washington County Board of Supervisors; and Washington County, Mississippi, with service purportedly made on June 17, 2026. [Doc. 9]. On July 15, 2026, the Court entered a notice of past due answer [Doc. 11] as to Bernadine Holmes; Washington County Board of Supervisors; and Washington County, Mississippi. As to Defendant Catherine Whethersby, on June 29, 2026, the summons was returned as unexecuted. [Doc. 10]. The Court ordered Plaintiff to provide additional information to effectuate service [Doc. 12], and he did so [Doc. 17].

On July 29, 2026, Willie Griffin noticed his appearance as to *all four* defendants [Doc. 13] and filed a Motion to Dismiss [Doc. 14]. The motion did not assert insufficient process or insufficient service of process under Fed. R. Civ. P. 12(b)(4)-(5), and Defendants have all appeared through counsel in the case. [Docs. 13-14]. On August 3, 2026, the District Judge denied

Defendants' Motion to Dismiss without prejudice. [Doc. 18]. Following the denial of the Motion to Dismiss, Defendants did not file a responsive pleading to the Complaint.

Therefore, the undersigned entered an Order [Doc. 21] requiring Defendants to show cause as to their failure to timely file a responsive pleading and their failure to timely file a response to Plaintiff's Motion for Entry of Default [Doc. 16]. Defendants responded to the Court's Order, opposing the entry of default and seeking leave to file their answer and defenses to the Complaint. [Doc. 22].

Default judgment is "a drastic remedy not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). "[F]ederal courts should not be agnostic with respect to the entry of default judgments, which are 'generally disfavored in the law' and thus 'should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement.'" *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000) (quoting *Mason & Hanger-Silas Mason Co. v. Metal Trades Council,* 726 F.2d 166, 168 (5th Cir. 1984)). "'[W]here there are no intervening equities any doubt should, as a general proposition, be resolved in favor of the movant to the end of securing a trial upon the merits.'" *Id.* (quoting *Gen. Tel. Corp. v. Gen. Tel. Answering Serv.*, 277 F.2d 919, 921 (5th Cir. 1960)). The Court looks to "whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented." *Id.*

Here, the Court is satisfied that these equities weigh in favor of denying the Motion for Entry of Default and granting Defendants an opportunity to file a responsive pleading. Defense Counsel has represented to the Court that he "began experiencing optical and other ailments that required eye injections and other medical treatment beginning August 8, 2026, and has not yet fully recovered from the eye and other health issues" which has prevented him from filing the

necessary responsive pleadings. [Doc. 23]. Further, there is no indication that Plaintiff will be prejudiced by allowing Defendants the opportunity to respond. "[M]ere delay does not alone constitute prejudice." *Lacy*, 227 F.3d at 293. Finally, while the Court makes no determination with respect to Defendants' defenses at this time, it recognizes that Defendants contemporaneously filed a proposed answer containing ten affirmative defenses [Doc. 22-1] when they filed their Motion for Leave to File out of Time Answer and Defenses [Doc. 22]. The Court is satisfied that Defendants will present meritorious defenses that will promote the Court's interest in securing a trial upon the merits. *Parks v. Miss. Dep't of Corr.*, No. 1:12-cv-275-LG-JMR, 2013 U.S. Dist. LEXIS 50306, *6 (S.D. Miss. Apr. 8, 2013) (quoting *Jenkens & Gilchrist v. Groia & Co.*, 542 F.3d 114, 123 (5th Cir. 2008)); *see also Gen. Tel.*, 277 F.2d at 921.

**THEREFORE, IT IS ORDERED** that Plaintiff Talib Hannah's Motion for Entry of Default [Doc. 16] is hereby **DENIED**, and Defendants Washington County, Mississippi; Washington County Board of Supervisors; Catherine Whethersby; and Bernadine Holmes' Motion for Leave to File out of Time Answer and Defenses [Doc. 22] is hereby **GRANTED**. Accordingly, Defendants shall file their responsive pleading to Plaintiff's Complaint [Doc. 1] within 3 days of the entry of this Order.

**SO ORDERED**, this, the 15th day of September, 2026.

/s/ Jane M. Virden

**UNITED STATES MAGISTRATE JUDGE**